UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN CATHEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JODI BROWN,<br><br>    Defendant. | No. 2:18-cv-00386 JAM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). On June 27, 2018, the court held a hearing on defendant's motion to dismiss, ECF No. 12. Plaintiff filed an opposition to the motion, and defendant filed a reply. ECF Nos. 13, 14. Deshawn Cathey appeared at the hearing in pro se. Richard W. Osman, appeared on behalf of defendant Jodi Brown. For the reasons that follow, the undersigned recommends defendant's motion to dismiss be GRANTED.

I. BACKGROUND

A. Allegations of the Complaint

Plaintiff brings this action for a violation of his civil rights under 42 U.S.C. § 1983. Plaintiff claims that his Fourth Amendment rights were violated by an unlawful search and seizure, false arrest, and use of excessive and deadly force. ECF No. 1 at 1.

/////

In his complaint, plaintiff alleges that on April 3, 2014, he was leaving his friend's house in Vallejo while talking to his wife on his cellphone. ECF No. 1 at 2. Defendant, a Vallejo police officer, conducted a "person stop" on plaintiff "without reasonable suspicion that the plaintiff was engaged in any criminal activity." Id. When defendant ordered plaintiff to put his cellphone on the ground, plaintiff complied and defendant immediately placed him in handcuffs. Id. Plaintiff contends that without consent or reasonable suspicion, defendant searched plaintiff's pocket and discovered $772 in cash. Id. Plaintiff was then arrested for loitering with the intent to engage in drug related activities. Id. Plaintiff complained to defendant for more than hour that his handcuffs were too tight, but he was ignored. Id. As a result, plaintiff experienced extreme pain, numbness and bruising that lasted for approximately a month. Id. Plaintiff seeks compensatory and punitive damages. Id. at 2.

B. Related Case No. 2:14-cv-1749

On April 18, 2018, District Judge Mendez related the present action and Cathey v. City of Vallejo, et al., case no. 2:14-cv-1749 JAM AC (PS) ("related case") pursuant to Local Rule 123. ECF No. 10. In Cathey v. City of Vallejo, et al., plaintiff brought claims under 42 U.S.C. § 1983 against defendant Jodi Brown for unlawful search, false arrest, and use of excessive force on April 3, 2014, and against defendant City of Vallejo for municipal liability arising from the arrest. ECF No. 12-2 at 3-4. On February 17, 2017, District Judge Mendez dismissed the related case for lack of prosecution due to plaintiff's failure to appear at the pretrial conference.

II. MOTION TO DISMISS

Defendant has moved to dismiss under Rule 12(b)(6). Defendant seeks to dismiss the complaint on grounds that it is time-barred, and in the alternative, that the complaint is barred by the doctrine of res judicata. ECF No. 12 at 5-6.

A. Rule 12(b)(6) Dismissal Standards

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the Complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

/////

sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an

/////

3

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Statute of Limitations

#### 1. Legal Standards

Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 265 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, a two-year statute of limitations applies. See Cal. Code Civ. P. § 335.1; Jones, 393 F.3d at 927. The federal court also applies the forum state's law regarding tolling, including equitable tolling when not in conflict with federal law. Hardin v. Straub, 490 U.S. 536, 537–39 (1989); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999), cert. denied, 529 U.S. 1117 (2000).

#### 2. Defendant's Argument

Defendant contends that plaintiff's action is time barred by California's two-year statute of limitation for personal injury actions. ECF No. 12 at 6; citing to Wilson, 471 U.S. at 275; Cal. Code Civ. P. § 335.1. Defendant argues the facts contained in plaintiff's complaint "plainly demonstrate[]" that the applicable statute of limitations expired on April 3, 2016. ECF No. 12 at 6.

#### 3. Plaintiff's Opposition

In opposition, plaintiff seeks equitable tolling on grounds that the record demonstrates "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." ECF No. 13 at 2 (citing McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88 (2008)). Plaintiff argues that tolling is applicable here because the earlier-filed related case, Cathey v. City of Vallejo, et al., provided defendant with timely notice of plaintiff's intent to sue in 2014. ECF No. 13 at 2-3. Plaintiff further argues that because the related case was dismissed, defendant has not been prejudiced. Id. at 3. Accordingly, plaintiff argues that the statute of limitations should be tolled to February 23, 2017, the date that judgment was entered in the related case. Id.

/////

4

Plaintiff also contends that he should be relieved him from the judgment in the related case pursuant to Fed. R. Civ. P. 60(d)(1). ECF No. 13 at 3. Plaintiff asserts that he was not aware until months after the related case was closed that the court had issued orders scheduling a pretrial hearing, dismissing the case for failure to appear, and entering judgment against him. Id. at 4.

### 4. Defendant's Reply

Defendant argues that equitable tolling does not apply because plaintiff has failed to meet his burden in establishing that he had been pursuing his rights diligently, or that any extraordinary circumstances stood in his way. ECF No. 14 at 3-4. Accordingly, defendant argues dismissal with prejudice is appropriate.

### 5. Analysis

#### a. Timeliness of Plaintiff's Section 1983 Claim

The applicable two-year limitations period began to run on the date of the incident at issue, April 3, 2014, and expired on April 3, 2016. This lawsuit was filed on February 20, 2018, almost two years after the expiration of that deadline, and accordingly is time-barred unless equitable tolling applies.

#### b. Equitable Tolling

As noted above, plaintiff seeks equitable tolling under the standards recognized in McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88 (2008). That doctrine provides for tolling in one forum while a claim is being pursued in another forum. See id.; Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998). This tolling theory does not apply where, as here, a plaintiff serially pursues the same claims in two different actions in the same forum.

California law does provide for tolling where a plaintiff pursues the same claim in the same forum following dismissal, but only in extremely limited circumstances. See Bollinger v. National Fire Ins. Co., 25 Cal. 2d 399, 410 (1944). "[I]n Bollinger, (1) the trial court erroneously granted a nonsuit, (2) the defendant employed dilatory tactics to prevent disposition of the first action so as to permit timely filing of a second action, and (3) the plaintiff was diligent in

pursuing his remedy." Allen v. Greyhound Lines, Inc., 656 F.2d 418, 421 (9th Cir. 1981) (citing Wood v. Elling Corp., 20 Cal.3d 353, 572 (1977)). To obtain tolling under Bollinger, plaintiff must demonstrate the existence of all three factors. Allen, 656 F.2d at 421. Here, plaintiff cannot meet this standard. First, plaintiff does not contend that the district court's judgment in the prior was erroneous. His explanation that he did not receive court orders fails to satisfy the first Bollinger factor. Second, there is no indication of any dilatory tactics by the defendant which cause the statute to run out on plaintiff. Finally, the gap in time between dismissal of the first lawsuit and commencement of this one is inconsistent with diligence on plaintiff's part. Accordingly, plaintiff is not entitled to equitable tolling under the applicable California standards.

  C. Res Judicata

    1. Legal Standard

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). This doctrine applies to § 1983 actions. Clark v. Yosemite Comm'y College Dist., 785 F.2d 781, 786 (9th Cir. 1986). Res judicata applies when "the earlier suit .. (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation marks omitted).

    2. Analysis

It is readily apparent that res judicata bars this lawsuit. First, plaintiff alleges in the instant case that his encounter with Vallejo police officers on April 3, 2014, violated his rights under the Fourth Amendment; specifically, that he was subjected to an unlawful search and seizure, false arrest, and use of excessive and deadly force. These are the same claims, arising from the same facts, set forth in plaintiff's complaint in the related case. See ECF No. 12-2 at 2-7.

Second, U.S. District Judge Mendez dismissed the related case for lack of prosecution. "An involuntary dismissal generally acts as a judgment on the merits for the purposes of

res judicata, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims." In re Schimmels, 127 F.3d 875, 884 (9th Cir. 1997) (citations omitted). The judgment in the related case is long since final.

Third and finally, the sole defendant in the instant case was also named as a defendant in the first action.

In sum, the court finds that the instant action involves identical claims and causes of action against a defendant who obtained judgment in her favor in the related case. Accordingly, the court finds that plaintiff's claims are precluded by principles of res judicata.

D. Request for Relief from Judgment

In opposition to the motion to dismiss, plaintiff seeks relief from judgment in the related case and suggests that the instant action is authorized pursuant to Fed. R. Civ. P. ("Rule") 60(d)(1). ECF No. 13 at 3-4. Plaintiff argues that the court should relieve him of the preclusive effect of the prior judgment because he was not aware of the pretrial conference, nor the court's subsequent order dismissing the case for failing to appear, until several months later. Id. at 4.

Rule 60(d)(1) provides that a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding" is not limited by the other provisions of Rule 60. Fed. R. Civ. P. 60(d)(1). This provision does not create any right of independent action, it merely preserves those procedural remedies that predated the rule. Rule 60, Advisory Committee note (1946). The typical grounds justifying an independent action in equity is fraud. United States v. Beggerly, 524 U.S. 38, 47 (1998). Plaintiff has presented no facts or allegations that sound in fraud. Moreover, "an independent action [under Rule 60(d)(1)] should be available only to prevent a grave miscarriage of justice." Id. Plaintiff does not meet this demanding standard.[1]

/////

/////

---

[1] Furthermore, to obtain the equitable relief contemplated by this rule, plaintiff must demonstrate that his own neglect or carelessness did not create the situation for which he seeks relief. Campaniello Imports v. Saporiti Italia, 117 F.3d 655, 662 (2d Cir. 1997). Plaintiff's failure to appear in the previous case precludes him from satisfying this standard. His current claim that he did not know the status of the case does not help him, in light of the presumption that service of documents to plaintiff's address of record is effective. See Local Rules 182(f), 183(a).

To the extent that plaintiff's request might be construed as a motion for relief from judgment under Rule 60(b),[2] such a motion must be brought in the closed case. However, Rule 60(b) motions must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. Plaintiff's time to bring such a motion expired on February 17, 2018. Accordingly, relief from judgment is not available.

E. Dismissal with Prejudice is Proper

The complaint is barred both by the applicable statute of limitations and, independently, by the doctrine of res judicata. Although pro se litigants are generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, courts do not grant leave to amend where amendment would be futile. Noll, 809 F.2d at 1448. Here, the deficiencies of the complaint cannot be cured by amendment. Accordingly, leave to amend should not be granted and the dismissal should be with prejudice.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss, ECF No. 12, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

/////

---

[2] Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 2, 2018.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE